FILED
Scott L. Poff, Clerk
United States District Court

By CAsbell at 3:16 pm, Apr 10, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GRAYLING THOMAS,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-111

## O R D E R

This matter is before the Court on Defendant James Hudson's Motion to Set Aside Default and Extend Answer Date. Doc. 15. Plaintiff has not filed a response, and the time to do so has expired. The Court, upon considering Defendant Hudson's Motion and examining the docket, finds that Defendant Hudson is not in default and, thus, **DENIES as moot** his Motion to Set Aside Default and Extend Answer Date. Additionally, Defendant Hudson has now filed an Answer, doc. 16, which was timely filed based on the date Defendant Hudson executed his waiver of service form.

## BACKGROUND

On November 25, 2019, the Court issued an Order permitting Plaintiff's claims against Defendants Hudson, Lawrence, Williams, Mobley, Caldwell, and John Doe to proceed and directing the United States Marshals Service to serve Defendant Hudson. Doc. 7. After two unsuccessful attempts at mailing a waiver of service form to Defendant Hudson, a third attempt was made by the Marshals on or after February 5, 2020. Doc. 13 at 1. It appears the third attempt was successful, as a certified mail card was returned to the Marshals on February 8, 2020 signed by an "Edith Hudson", doc. 12, and Defendant Hudson thereafter executed his Waiver of

the Service of Summons on February 10, 2020. Doc. 13 at 2. In the Waiver, Defendant Hudson acknowledged he "must file and serve an answer or a motion under Rule 12 within 60 days from . . . the date th[e] request was sent" or face default judgment. Id.

Defendant Hudson's concern in this case arises out of the fact that the waiver form he received in February 2020 indicated it had been sent on November 27, 2019, see doc. 13 at 2, and thus, Defendant Hudson, by executing this waiver form on February 10, 2020, fears he may have unwittingly placed himself in default. Defendant Hudson, thereafter, filed this Motion to Set Aside Default requesting the Court to permit him to file an Answer by March 26, 2020. Doc. 15. Defendant Hudson's Motion is unopposed. See Local R. 7.5. Moreover, there has been no entry of default by the Clerk, and Defendant Hudson filed an Answer in this case on March 25, 2020. Doc. 16.

**DISCUSSION**

Under Rule 4(d)(1) of the Federal Rules of Civil Procedure, a "plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). "The notice and request must . . . give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). As outlined above, it appears the first two attempts at mailing the waiver form to Defendant Hudson were unsuccessful. Doc. 13 at 1. The third attempt to mail the waiver form occurred in early February 2020, id., and Defendant Hudson thereafter promptly signed his waiver of service on February 10, 2020, and it was filed in this Court on February 19,

2020.  Doc. 13 at 2.  Accordingly, it appears Defendant Hudson returned the waiver within 30 days of it being sent, in compliance with Rule 4.

Rule 4 further provides: "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent."  Fed. R. Civ. P. 4(d)(3).  Here, after timely returning his waiver, Defendant Hudson filed his Answer on March 25, 2020, see doc. 16, well within 60 days of when the waiver request was successfully sent to him.[1]  Accordingly, the Court does not find Defendant Hudson is in default.  See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

## CONCLUSION

There has been no entry of default by the Clerk against Defendant Hudson, and Defendant Hudson timely filed an Answer in this case on March 25, 2020.  Therefore, Defendant Hudson is not in default, and there was no need for him to move to set aside any default.  Accordingly, this Court **DENIES as moot** Defendant Hudson's Motion to Set Aside Default and Extend Answer Date.

**SO ORDERED**, this 10th day of April, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As noted above, while the waiver form indicates it was sent on November 27, 2019, that date appears to be the first failed attempt at sending the form, not the date that the form was successfully sent to Defendant Hudson.  Doc. 13.  Accordingly, the Court considers the November 27, 2019 date on the signed waiver form to be a clerical error.  Moreover, even if the November 27, 2019 date were the appropriate triggering date, and Defendant Hudson were technically in default, I would grant his motion to set aside for the reasons set forth in the Motion and deem his Answer timely.