FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:40 pm, Jun 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GRAYLING THOMAS,

    Plaintiff,

v.

WARDEN ANTIONE CALDWELL, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-111

**O R D E R**

Presently before the Court is Plaintiff's Response to the Court's May 20, 2020 Report and Recommendation.  Doc. 26.  Upon review of Plaintiff's Response, the Court **VACATES** its May 20, 2020 Report recommending dismissal without prejudice of this matter for failure to prosecute, doc. 20.  Also before the Court is Plaintiff's Motion for Appointment of Counsel, which the Court **DENIES** for the reasons outlined herein.  Doc. 27.

**I.   Plaintiff's Response to the May 20, 2020 Report and Recommendation**

In Plaintiff's Response to the Court's May 20, 2020 Report recommending dismissal, Plaintiff outlines the steps he has taken to prosecute this case.  Doc. 26.  Specifically, Plaintiff details the efforts he has made to engage in discovery in this case, and he claims he did place a change of address in the mail.  Id.  A review of the docket indicates Plaintiff took action regarding this case prior to the issuance of the Report and Recommendation, submitting a traverse and a motion to compel, both dated May 19, 2020, but filed on June 2, 2020.  Docs. 22, 23.  In light of the above, the Court finds it appropriate to **VACATE** its May 20, 2020 Report recommending dismissal without prejudice for failure to prosecute, doc. 20.

## II.   Motion for Appointment of Counsel

Plaintiff also seeks the appointment of counsel in this case.  Doc. 27.  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  There is no constitutional right to the appointment of counsel in this case.  Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320).

The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel.  While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated."  Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).  This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his

2

position" to the Court.   For these reasons, I **DENY** Plaintiff's Motion for Appointment of Counsel, doc. 27.

## CONCLUSION

For the reasons laid out above, the Court **VACATES** its prior Report recommending dismissal without prejudice of this case, doc. 20.   The Court also **DENIES** Plaintiff's Motion for Appointment of Counsel, doc. 27.

**SO ORDERED**, this 18th day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA