IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GRAYLING THOMAS,

    Plaintiff,

v.

WARDEN DOUG WILLIAMS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-111

**O R D E R**

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated June 28, 2021. (Doc. 58.) The Magistrate Judge recommended the Court dismiss Plaintiff's claims against Defendants Williams, Caldwell, Hudson, Laurence, and Mobley, thus, resulting in dismissal of Plaintiff's case. (Doc. 55, p. 1.) As the Magistrate Judge explained, Plaintiff's pending claims consist of a retaliatory transfer claim against Defendants Laurence, Hudson, and Mobley; a deliberate indifference to serious medical needs claim against Defendants Hudson and Williams; and a claim for injunctive relief against Defendant Caldwell. (Id. at p. 4.) The Magistrate Judge found Plaintiff failed to exhaust his administrative remedies as to Defendants Williams, Caldwell, Hudson, and Laurence. (Id. at pp. 7–15.) Additionally, the Magistrate Judge recommended dismissal of Defendant Mobley for Plaintiff's failure to follow this Court's Order and failure to prosecute. (Id. at pp. 15–18.)

Plaintiff filed Objections, but his Objections have no merit. While Plaintiff complains the Magistrate Judge refused to reach the merits of his case, (doc. 58, pp. 1–4), the Prison Litigation Reform Act is clear; exhaustion is mandatory, and prisoners must exhaust all available

administrative remedies before suing. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007). Thus, it was not improper for the Magistrate Judge to address Plaintiff's exhaustion of administrative remedies before turning to the merits of his suit.

In his Objections, Plaintiff also argues his failure to exhaust available administrative remedies should be excused because of the circumstances he found himself in; namely, he was facing a pending murder investigation, had just been assaulted by an unknown assailant, transferred to another prison, and received no medical attention for his head injuries. (Doc. 58, p. 7.) The Court is not unsympathetic to the position in which Plaintiff found himself; however, he has not demonstrated his failure to exhaust should be excused. Plaintiff states the circumstances he faced would prevent a rational person from pursuing his administrative remedies. But Plaintiff managed to file other grievances related to his claims—specifically against a John Doe for excessive force and related to his lack of medical care at Johnson State Prison. (See Docs. 41-6, 41-8.) Plaintiff fails to explain why he could not submit a grievance related to his retaliatory transfer claim or deliberate indifference claim.

Moreover, exhaustion is mandatory "irrespective of any 'special circumstances.'" Ross, 136 S. Ct. at 1857. Plaintiff points to language in Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008), which provides, "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." However, Plaintiff misconstrues this language. Turner discussed a situation where use of an administrative remedy was unavailable to an inmate, not because of the particular difficulty he found himself in, but because lodging the grievance would result in his condition becoming worse instead of better. Id. at 1084–85. In such a situation, the Eleventh Circuit Court of Appeals determined an administrative remedy is not available. Here, Plaintiff makes no such allegations and, moreover,

the evidence in the record demonstrates Plaintiff's grievances resulted in an improved condition. (See Doc. 41-11, p. 2 (partially granting Plaintiff's grievance)). It is clear from the record that the grievance process was available to Plaintiff. Plaintiff essentially asks this Court to adopt a "special circumstances exception" where exhaustion is excused when an inmate is assaulted and then transferred, which the Court is prohibited from doing. Ross, 136 S. Ct. at 1857.

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. (Doc. 58.) The Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, the Court **GRANTS** Defendants' construed Motion to Dismiss, (doc. 41). Additionally, the Court **DISMISSES** Plaintiff's claims against Defendant Mobley for failure to prosecute and failure to follow a Court Order. Accordingly, the Court **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 26th day of July, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA